# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal Action No.  4:01-CR-627 |
| | ) | |
| | ) | |
| Johnny Lee Gore, | ) | |
| | ) | |
| Defendant. | ) | ORDER |
| _____ | ) | |

On June 5, 2002, a jury found the defendant guilty of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine and cocaine base.  On October 31, 2002, this Court sentenced the petitioner to 360 months imprisonment.  The defendant appealed.  On February 23, 2006, the defendant filed a motion for grand jury minutes.  The defendant claims that the grand jury minutes will show that he was convicted of the same offense in state and federal court and that he was thus prejudiced in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  It is well settled, however, that prosecution in both federal and state court for the same criminal conduct does not constitute Double Jeopardy.  See Heath v. Alabama, 474 U.S. 82, 88-89 (1985).  The defendant's allegation is without merit.

In addition, the defendant has not shown a need for the grand jury transcript because the trial transcript would give the defendant the information that he seeks.  "The grand jury conducts its investigation in secret, aided only by the prosecutors and witnesses.  Defendants are not entitled to grand jury transcripts before trial; due to the strictly enforced tradition of grand jury secrecy, defendants generally have access to no information whatsoever regarding the conduct of the grand

jury proceedings. Requests by defendants . . . for disclosure of grand jury materials, 'upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury' are rarely granted." U.S. v. Mechanik, 475 U.S. 66, 80 (1986).

The defendant has failed to show that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Therefore, the Court denies the defendant's motion.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

Charleston, South Carolina
May 3, 2006