# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:01-627-9-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Johnny Lee Gore, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's motion for release on bail during the pendency of his appeal to the Fourth Circuit Court of Appeals.[1]

The defendant was charged in a superseding indictment with a count of having two prior convictions for felony drug offenses and conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, 50 kilograms or more of marijuana, and less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1). On June 5, 2002, a jury found the defendant guilty of conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine.

On October 30 and 31, 2002, the Court sentenced the defendant to 360 months imprisonment followed by 10 years of supervised release. The defendant appealed his conviction and sentence. On July 16, 2004, the Fourth Circuit Court of Appeals affirmed. The defendant filed a petition for a writ of certiorari. On February 28, 2005, the Supreme Court granted the petition, and it vacated and remanded the case to the Fourth Circuit Court of Appeals

---

[1] The Fourth Circuit Court of Appeals has heard the defendant's appeal and remanded the case to this Court. Therefore, the request for release on bail pending appeal is moot. However, the Court construes the motion as a motion for release on bail pending sentencing.

for further consideration in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005).

On May 5 and 9, 2005, the defendant filed motions for release on bail. On August 18, 2006, the Fourth Circuit Court of Appeals issued an opinion affirming the conviction but vacating and remanding the case to this Court for sentencing consistent with the principles set forth in <u>Booker</u>.

A grand jury returned an indictment against the defendant charging a conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. The Court charged and the jury convicted the defendant of a conspiracy to possess with intent to distribute 500 or more grams of cocaine. The amount, 500 grams or more, was not charged in the defendant's indictment. The defendant argues that the Court did not have jurisdiction to convict him of an offense that was not charged in an indictment. Therefore, the defendant believes that the Court, pursuant to 18 U.S.C. § 3143(b)(1)(B), should release him on bail pending his appeal.[2]

A person who has been found guilty of an offense and is awaiting imposition of a sentence shall be detained unless the court finds by clear and convincing evidence that the person is not likely to flee and will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(a).

The defendant faces a maximum of life imprisonment, and his incentive to flee is high. Moreover, the defendant has not presented any evidence demonstrating that he is not a threat to

---

[2] Section 3143(b)(1)(B) applies to a person who has been found guilty of an offense, sentenced to a term of imprisonment, and is awaiting appeal. The defendant is no longer awaiting an appeal, and section 3143(b)(1)(B) is inapplicable. In addition, section 3143(b)(1)(B) requires a defendant to demonstrate by clear and convincing evidence that he is not a threat to flee and that he does not pose a danger to any person or the community. The defendant has not made this showing.

flee and that he poses no danger to any person or the community.  Consequently, the Court denies the motion for bail.

        **AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

April 23, 2007
Charleston, South Carolina