**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:01-627-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Johnny Lee Gore, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's motion to continue, the defendant's motion for a new presentence report, the defendant's motions for disclosure, and the defendant's motion for leave to file newly discovered evidence.

The defendant was charged in a superseding indictment with a count of having two prior convictions for felony drug offenses and conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, 50 kilograms or more of marijuana, and less than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On June 5, 2002, a jury found the defendant guilty of conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine.

On October 30 and 31, 2002, the Court sentenced the defendant to 360 months imprisonment followed by 10 years of supervised release. On November 13, 2002, the defendant filed a notice of appeal. On November 20, 2002, judgment was entered. On November 22, 2002, the defendant filed a second notice of appeal. On July 16, 2004, the Fourth Circuit Court of Appeals affirmed the defendant's conviction and sentence. The defendant filed a petition for a writ of certiorari. On February 28, 2005, the Supreme Court granted the petition, and it

vacated and remanded the case to the Fourth Circuit Court of Appeals for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).  On August 18, 2006, the Fourth Circuit Court of Appeals issued an opinion affirming the defendant's conviction and remanding for further proceedings in light of United States v. Booker, 543 U.S. 220, 224 (2005).  On September 14, 2006, judgment was entered.  The defendant filed a petition for rehearing, contending that the Fourth Circuit Court of Appeals erred when it stated that the district court did not enhance his sentence in violation of the Sixth Amendment and did not erroneously find the defendant to be a career offender.  On August 13, 2007, the Fourth Circuit Court of Appeals recalled the mandate and granted the defendant's motion for a rehearing.

I.  Motion to Continue

On May 21, 2007, the Court scheduled the defendant's resentencing for June 4, 2007 at 11:00 am.  On May 23, 2007, the Court cancelled the defendant's resentencing scheduled for June 4, 2007.  On June 1, 2007, the defendant filed a motion to continue his resentencing scheduled for June 4, 2007, so that he would have more time to prepare.  This motion is moot. The Fourth Circuit Court of Appeals has recalled the mandate and has granted the defendant a rehearing.  This Court will resentence the defendant after the Fourth Circuit Court of Appeals enters its mandate and judgment.

II.  Motion for a New Presentence Report

On June 1, 2007, the defendant moved for a new presentence report at his resentencing. The defendant's appeal is currently before the Fourth Circuit Court of Appeals.  After the Fourth Circuit Court of Appeals renders its decision, this Court will vacate and reenter the judgment of conviction under  United States v. Booker and other applicable law in accordance with the

Fourth Circuit's decision. Therefore, the defendant's motion for a new presentence report is denied. *See* United States v. Benavides, 105 F.3d 648 (4th Cir. 1997) (affirming a district court's dismissal of the defendant's motion for a new presentence report where the district court properly vacated and reentered the original judgment of conviction).

III.   Motions for Disclosure

On July 9, 2007, and July 18, 2007, the defendant moved for "disclosure of exculpatory evidence." On March 17, 1994, the defendant spoke with police authorities who tape recorded his statement. The defendant claims that he withdrew from the conspiracy when he spoke with authorities. Speaking with authorities does not amount to withdrawal from a conspiracy, which requires the defendant to take affirmative actions inconsistent with the object of the conspiracy and to communicate his intent to withdraw in a manner likely to reach his accomplices. United States v. Walker, 796 F.2d 43, 49 (4th Cir. 1986). The issue of whether the defendant withdrew from the conspiracy has been litigated in this case. *See* United States v. Gore, 102 Fed. Appx. 292, 294 (4th Cir. 2004) (*rev'd*. 543 U.S. 1181 for further consideration in light of Booker) (noting that the crux of the defendant's case at trial centered on whether he had withdrawn from the conspiracy). Evidence was presented that the defendant was involved in the conspiracy after his March 17, 1994 conversation with authorities. Ultimately, it was determined that the defendant did not withdraw from the conspiracy.

The defendant claims that his rights were violated because exculpatory evidence was withheld from the grand jury. This argument is without merit. The prosecutor was not obligated to present exculpatory evidence to the grand jury. United States v. Williams, 504 U.S. 36, 45-46 (1992).

The defendant claims that the tape of his conversation with authorities on March 17, 1994, should be played in open court.  As stated above, a jury has already found the defendant guilty of conspiracy.  He may not relitigate his conviction.  The defendant's motions for disclosure of exculpatory evidence are denied.

IV.  Motion for Leave to File Newly Discovered Evidence

On September 14, 2007, the defendant filed a motion for leave to file newly discovered evidence in order to support his motion to dismiss the indictment.  On September 17, 2007, the Court denied the defendant's motion to dismiss the indictment.  Therefore, the defendant's motion for leave to file newly discovered evidence is moot.

**AND IT IS SO ORDERED.**

*C. Weston Houck* (signature)

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 20, 2007
Charleston, South Carolina